IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEVIN ROBERTS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-14-1651 |
| | § | |
| EXXON MOBIL CORPORATION, | § | |
| *et al.*, | § | |
|     Defendants. | § | |

**MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Remand filed by Defendant Exxon Mobil Corporation ("Exxon") [Doc. # 5], to which Defendant Insurance Company of the State of Pennsylvania ("ICSP") filed a Response [Doc. # 16], and Exxon filed a Reply [Doc. # 21]. Also pending is the Motion to Remand filed by Plaintiff Kevin Roberts [Doc. # 11], to which ICSP filed a Response [Doc. # 19]. Having reviewed the full record and applied governing legal authorities, the Court **grants** the Motions to Remand and remands this case to Texas state court.

**I.     BACKGROUND**

In January 2013, Kevin Roberts was injured while working at Exxon's Baytown Refinery. At the time of his injury, Roberts was an employee of Savage Refinery Services, LLC ("Savage"), which was performing work for Exxon pursuant to an Agreement for Downstream or Chemical Services with Incidental Goods

("Exxon/Savage Contract"). Roberts filed a personal injury lawsuit against Exxon, which has now been settled.

Exxon filed a Third-Party Action against ICSP, Savage's workers' compensation carrier, asserting that the Exxon/Savage Contract requires ICSP to waive its subrogation rights, and seeking to enforce ICSP's alleged contractual waiver of those rights. Roberts filed a First Amended Petition against both Exxon and ICSP. In the First Amended Petition, Roberts alleges that ICSP waived its subrogation rights under the Texas Labor Code and seeks a declaratory judgment to that effect. Alternatively, Roberts asserts a claim against ICSP under the Texas Labor Code, which allows a claimant's attorney to recover a reasonable fee payable from the workers' compensation insurance carrier's subrogation recovery. *See* TEX. LABOR CODE § 417.003(a).

ICSP filed a Notice of Removal. Exxon and Roberts filed Motions to Remand, which are ripe for decision.

## II.    ANALYSIS

A civil action "arising under the workmen's compensation laws" may not be removed. 28 U.S.C. § 1445(c). Exxon and Roberts argue that this lawsuit could not properly be removed because their claims against ICSP "arise under" Texas workers' compensation laws. The Fifth Circuit recently held that claims that a workers'

compensation insurance carrier contractually waived its rights under the Texas Labor Code "arise under Texas workers' compensation law." *See Trahan v. Liberty Mut. Ins. Co.*, 2014 WL 2581318, * 1 (5th Cir. June 10, 2014) (unpublished). Additionally, it is beyond dispute that Roberts's claim under § 417.003(a) of the Texas Labor Code arises under the Texas workers' compensation laws. As a result, Exxon's and Roberts's claims against ICSP are not removable and this case must be remanded to Texas state Court.

### III. CONCLUSION AND ORDER

Based on the foregoing, it is hereby

**ORDERED** that Exxon's Motion to Remand [Doc. # 5] and Roberts's Motion to Remand [Doc. # 11] are **GRANTED** and this case will be remanded to the 165th District Court of Harris County, Texas, by separate order.

SIGNED at Houston, Texas, this 20th day of **August, 2014**.

_____
Nancy F. Atlas
United States District Judge